Harry G. Herman, S.
In this executors’ accounting proceeding the court is required to determine as between the estate of the testator and the estate of his now deceased wife the impact of estate taxes on property subject to a power of appointment.
The testator died on July 18,1959, and his wife died nine days later on July 27, 1959. By article III of his will the testator provided for a marital deduction trust of one half of his adjusted gross estate less the aggregate value of all other benefits conferred upon his widow which were allowed as part of the marital deduction. The entire net income from said fund was payable to his wife during her lifetime and testator conferred upon his wife, as donee, the power to appoint the principal by any will containing a specific reference to such poAver. The will of the Avife was executed prior to that of the testator and contained no provision specifically exercising such poAver of appointment.
Upon the death of his wife, and in the event of her failure to exercise the power of appointment, the principal of said sum Avas to he divided into íavo equal shares and each share was to he continued in trust for the benefit of two named persons during their respective lives. Upon the death of each income beneficiary the principal of such trust was to he divided into five equal shares and paid to certain beneficiaries designated by name.
*590 Testator'disposed of the residue of his estate among the same persons in the same manner and in the same shares as that provided for with respect to the principal of the fund comprising the marital deduction trust at the death of his wife in the event of her failure to appoint the principal of such fund.
By article I of his will testator provided for the payment of his debts, funeral expenses and expenses of administration and directed that any estate taxes “ which may be payable by reason of my death shall be paid out of my general estate without any apportionment ”.
Under section 124 of the Decedent Estate Law, in the absence of a contrary direction in the will, apportionment shall be made among the persons benefited in the proportion that the value of property or interest received by each person bears to the total value of the property received by all persons benefited at the values as determined in the tax proceeding. Under section 2207 of the Internal Revenue Code (U. S. Code, tit. 26, § 2207) appointive property is expressly subjected to its prorata share of estate tax unless the testator otherwise directs in his will.
The will of testator is completely devoid of any evidence of intention to burden the estate of his wife with any part of the estate tax imposed by reason of the nonexercise of the power of appointment conferred upon her. On the contrary there is a clear direction in the will that the “ general estate ” of testator is to bear the burden of all estate taxes which may be payable by reason of his death without allocation or apportionment.
Accordingly, the intention of testator is clear that his general estate and not the estate of his wife was to bear the impact of any estate taxes imposed with respect to any property including any property subject to the power of appointment. Moreover, since the wife of decedent failed to exercise the power of appointment and the appointive fund will vest in the same persons and in the same shares as provided for by the disposition of the residuary estate, the residuary estate of the testator must bear the entire estate tax burden including any estate taxes imposed Avith respect to the appointive fund. The executor of the will is accordingly directed to refund to the administrator c. t. a. of the estate of the deceased wife of testator-the prorata share of the tax with respect to the appointive fund.
Attorneys’ fees will be allowed in the amount requested for all services rendered and to be rendered to and including the settlement of the decree.