■ In the Matter of PAYSON McL. MERRILL, Deceased. DANIEL LADD et al., Appellants; EMIL C. HERMANN, as Guardian ad Litem, et al., Respondents.—In a proceeding for the judicial settlement of certain accounts, objectants appeal from (1) the third decretal paragraph of a decree of the Surrogate's Court, Nassau County, dated October 7, 1974, which, *inter alia,* adjudged that a certain proposed agreement of compromise, dated February 26, 1973, "is not approved or sanctioned by this Court" and (2) so much of the said decree as failed to make provision for a reimbursement to the estate of Cornelia Lee Merrill on account of certain estate taxes. Decree modified, on the law and the facts and in the exercise of discretion in the interest of justice, by deleting the third decretal paragraph thereof and substituting therefor a provision (1) approving the agreement of compromise and (2) authorizing the guardian ad litem to execute the said agreement. As so modified, decree affirmed insofar as appealed from, without costs. Payson McLean Merrill (the husband) died on March 25, 1966. His will dated September 21, 1961 was admitted to probate and letters of trusteeship were issued. The husband, by his will, created two trusts as follows: (1) a marital deduction trust of half of his residuary estate (Trust A), in which his wife, Cornelia Lee Merrill (the wife) was made the life beneficiary and was given the power to appoint the principal thereof by her will and (2) a family trust (Trust B), in which the wife was also made the life beneficiary. The principal of Trust B was to be distributed, on the wife's death, to the husband's daughter by a prior marriage and to her issue. The marital deduction trust provided that if the wife failed to exercise her power of appointment over the principal, such principal would be added to the principal of Trust B. The marriage of the husband and the wife was a second marriage for each. There was no issue of their marriage. The husband had a daughter by his prior marriage and the wife had four children by her prior marriage. Both the husband and the wife had substantial personal estates. After the husband executed his will he discussed it with the wife. They agreed that she would not exercise her power to appoint the principal of the marital deduction trust. Rather, she would release her power to appoint the principal of that trust. Thus, they would further their plan that the survivor be life beneficiary of the residue of the estate of the spouse first to die, but the

principal of the trusts would go to their respective children and descendants. The wife's release of her power to appoint the principal of Trust A so that its corpus would go to the husband's daughter and descendants was accomplished during the husband's lifetime by the execution by the wife of a codicil to her will, in which will the husband had been granted a life estate in her personal property, the remainder to go to her children. The codicil, signed in April, 1962, expressly released her power of appointment of the principal of Trust A so that the principal thereof would go to the husband's descendants under Trust B. However, the wife's attorney failed to provide, as permitted under section 2207 of the Internal Revenue Code (US Code, tit 26, § 2207), that the marital deduction trust, rather than the husband's estate, should pay the estate tax on that property, which the husband's estate would thus receive. The record contains correspondence between the husband and wife and their respective attorneys which shows that it was their estate plan that the principal of the trusts in their respective estates should go to their respective descendants and that the wife would release her power of appointment in the marital deduction trust to further that plan. The wife died on October 29, 1969, having survived the husband. The question then arose as to whether the wife's personal estate or the husband's estate should pay the estate tax attributable to her release of the principal of the marital deduction trust to the husband's estate. The testamentary trustee allocated that tax liability to the wife's estate, but it takes no position in that connection. The wife's executors objected to that tax allocation. They claim that not only the husband's will direction, but also the estate plan of the husband and the wife, equitably require that the husband's estate bear the tax burden of the property it received from the wife. If the wife had not consistently acted in good faith, she could have appointed the principal of the marital deduction trust to her children rather than to the husband's descendants. The husband's daughter and her children (all of them adults) agreed with the wife's executors that they should bear the estate tax burden of the appointive property they received from the wife, their stepmother, who had carried out their father's wishes. An agreement of compromise dated February 26, 1973 was then prepared by the attorneys for the respective estates and was signed by the wife's executors and the husband's daughter and grandchildren, wherein it was agreed that the husband's estate would substantially assume that tax burden. In May, 1973, the husband's grandchild, Dorothy Corbiere, who is one of the signatories to the above agreement, gave birth to a son, Payson Merrill Corbiere. Under the husband's will, that infant has a remote contingent interest in his great grandfather's estate if his mother dies before attaining a certain age, as designated in the husband's will. Petitioner, the accounting trustee of the husband's estate, filed a supplemental account in this proceeding, seeking to obtain approval, under SPCA 2106, of the agreement of compromise. In connection therewith the Surrogate, on December 19, 1973, appointed a guardian ad litem for the infant and for any other great grandchildren of the husband who might be born in the future and have a contingent interest in the husband's estate. As such guardian he filed his report dated February 25, 1974 wherein he then, *inter alia,* approved the agreement of compromise as "well considered" and fair. The Surrogate refused to approve the agreement of compromise because a *pro forma* clause in the wife's will provided that her residuary estate should bear all estate taxes payable on property she transferred on her death, and because she had failed to exercise her right under section 2207 of the Internal Revenue Code to have the principal of the marital deduction trust

bear the burden of the estate taxes on her appointment of that principal to the husband's estate. We find that, under the circumstances of this case, her failure to avail herself of her right properly to allocate the estate tax burden of the principal of the marital deduction trust to the appointees thereof was an inadvertence. The agreement of compromise is reasonable and fair; it equitably carries out the intention and agreement of the husband and the wife in their estate plan. In this court's discretion and in the interest of justice that agreement is approved (cf. *Matter of Duell*, 34 Misc 2d 589, 590; *Matter of Sidman*, 154 Misc 675, 679-680). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.